IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KELVIN BOWMAN,
    Plaintiff,

vs.                                     3:10cv277/MCR/MD

D.ELLIS, et al.
    Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the custody of the Florida Department of Corrections proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis* and a motion for appointment of counsel which are now pending before the court. (Doc. 1, 2 ,& 3). Upon review of the plaintiff's complaint, applicable statutes and controlling case law, as well as the clerk's records, the court finds that this complaint is subject to summary dismissal.

Title 28 U.S.C. §1915(g) prohibits a prisoner from proceeding *in forma pauperis* in civil actions under certain circumstances. It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases or appeals dismissed for one of the recited reasons, he cannot proceed *in forma pauperis*. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time

he initiates the suit, and his failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002); *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir. 2001). The only exception to this is if the prisoner alleges he is "under imminent danger of serious physical injury." 28 U.S.C. §1915; *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004); *Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998).

The court may take judicial notice of the fact that following four cases filed in the Northern District of Florida were dismissed for failure to state a claim:

4:96cv525/RH            Bowman v. Paul; dismissed September 24, 1997;
4:99cv217/WS            Bowman v. Moore, et al.; dismissed August 9, 2000;
5:04cv408/SPM/MD        Bowman v. Hamilton, et al.; dismissed February 22, 2005
3:03cv568/RV/EMT        Bowman v. Hamilton; dismissed November 22, 2005

In addition, plaintiff's appeal in Bowman v. Hamilton, case 3:03cv568/RV/EMT was dismissed as frivolous on August 21, 2006. (Case 3:03cv568/RV/EMT, doc. 81). Plaintiff was incarcerated at the time he filed the listed cases, as Department of Corrections records indicate he has been continuously incarcerated since 1991.[1] Because he therefore has five qualifying "strikes," he must pay the $350.00 filing fee in full before proceeding with this or any other civil action unless he is "under imminent danger of serious physical injury." 28 U.S.C. §1915, *Brown; Rivera, supra.*

In this case, plaintiff who is currently incarcerated at the Santa Rosa Correctional Institution ("SRCI"), sues thirteen correctional officers or other personnel at SRCI regarding an incident that allegedly occurred on October 23, 2008. Plaintiff asserts that after he consumed a meal containing a massive amount of psychotropic drugs, he was assaulted by correctional officers who had conspired with members of various prison gangs to murder him that night. (Doc. 1 at 5-6). Despite the seriousness of his injuries, he was taken by prison transport rather than by ambulance to West Florida Hospital where he received inadequate medical treatment. (*Id.* at 6). He asserts that the assault was precipitated by his filing of numerous grievances, and was also motivated by plaintiff's race, nationality and

---

[1] http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=48156406

*Case No: 3:10cv277/MCR/MD*

religion. (*Id.* at 6-6A). Plaintiff seeks monetary damages for the violations of his rights stemming from this incident. These allegations, which reference actions that occurred nearly two years ago, do not establish that plaintiff is under imminent danger of serious physical injury and do not entitle him to avoid the bar of § 1915(g) and proceed *in forma pauperis* in this case. A prisoner who is no longer entitled to proceed *in forma pauperis* must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice. *Dupree v. Palmer*, 284 F.3d 1234 (11th Cir. 2002); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, this action should be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee at the time he files the case.

Accordingly, it is ORDERED:

Plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2) is DENIED.

Plaintiff's motion for appointment of counsel (doc. 3) is DENIED.

And it is respectfully RECOMMENDED:

That plaintiff's case be dismissed without prejudice to its refiling accompanied by the payment of the full $350.00 filing fee.

At Pensacola, Florida, this 4th day of August, 2010.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).